**McGuireWoods LLP**
One James Center
901 East Cary Street
Richmond, VA 23219-4030
Phone: 804.775.1000
Fax: 804.775.1061
www.mcguirewoods.com

**H. Carter Redd**
Direct: 804.775.1155

**McGuireWoods**

credd@mcguirewoods.com
Fax: 804.698.2144

August 14, 2014

*Via ECF*

Hon. Vernon Broderick
United States District Court for the Southern District of New York
Thurgood Marshal United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

       Re:  *HDI-Gerling v. Ford*, 1:14-cv-4145-VSB

Dear Judge Broderick:

  This letter responds to the Court's request at the August 7 hearing for the parties to provide points and authorities on whether the Court could or should delay the merits of Gerling's petition for confirmation until after the Court decides the jurisdictional issues raised by Ford, or whether briefing should proceed simultaneously on all issues.  In addition, Gerling has notified Ford that Gerling will raise the issue of unsealing and redaction of its Petition and Exhibits by letter today.  Ford responds here.

**The Court Should Decide Subject Matter Jurisdiction Before Merits Briefing.**

  Ford submits that because the issues it has raised call into question the Court's subject matter jurisdiction the Court should not hear the merits until it decides the jurisdictional questions.  "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (internal quotation marks and citation omitted); *see Central States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 203 (2d Cir. 2005) ("Jurisdictional questions of the sort presented here [—Article III standing—] should be addressed in the first instance by the District Court. Until the jurisdictional question is decided, we cannot address the other issues presented . . . .").

  It is true that courts have said that Rule 12(b)(6) requirements do not apply to award modification proceedings because such applications are "motions" under 9 U.S.C. Section 6, not "pleadings."  *See Productos Mercantiles E Industriales, S.A. v. Faberge USA, Inc.*, 23 F.3d 41, 46 (2d Cir. 1994).  However the reasoning does not

Atlanta | Austin | Baltimore | Brussels | Charlotte | Charlottesville | Chicago | Dallas | Houston | Jacksonville | London
Los Angeles | New York | Norfolk | Pittsburgh | Raleigh | Richmond | Tysons Corner | Washington, D.C. | Wilmington

August 14, 2014
Page 2

apply to subject matter jurisdiction.  Numerous federal courts have recognized that a ripeness challenge to a court's jurisdiction over a motion to confirm or vacate is a "threshold question."  *E.g., Dealer Computer Servs., Inc. v. Dub Herring Ford*, 547 F.3d 558, 560 (6th Cir. 2008) (cited and relied on in *Pearl Seas Cruises, LLC v. Irving Shipbuilding Inc.*, 2011 WL 577333 *9 (D.Conn. 2011).  Such courts dismissed applications for confirmation of partial awards as unripe utilizing the rubric of Rule 12(b)(1), as in any other case, *e.g., Dealer Computer Servs., Inc. v. Dub Herring Ford Lincoln Mercury, Inc.*, No. 07-10263, 2009 WL 1508210, at *2–3 (E.D. Mich. May 29, 2009), *aff'd sub nom*. Dealer Computer Servs., Inc. v. Dub Herring Ford, 623 F.3d 348 (6th Cir. 2010).

The Southern District of New York recognizes the distinctive nature of subject matter jurisdiction even in the arbitration arena.  *E.g., Banco De Santander Cent. Hispano, S.A. v. Consalvi Int'l Inc.*, 425 F. Supp. 2d 421, 423 (S.D.N.Y. 2006) (citing *Steel* in the context of a motion to vacate an arbitral award).   At least one Southern District Court has taken briefing on jurisdiction before the merits of a confirmation or vacation application.  In *Bailey Shipping Ltd. v. American Bureau of Shipping, Inc.*, Case No. 1:12-cv-05959, the docket reflects that Bailey Shipping moved to vacate in December, 2013, with a supporting brief.  The American Bureau of Shipping filed an opposing brief, Docket No. 37, within a week, arguing that the award could not be vacated because it was not final.  Bailey shipping replied, and the Southern District of New York dismissed Bailey's petition on March 28, 2014, stating:

> Whether the panel's decision is correct on the merits is a close and interesting question, *but the Court may not consider it*.  Because the arbitral award at issue was not final, the Court lacks jurisdiction to consider Bailey's motion to vacate it.

*Bailey Shipping*, 2014 U.S. Dist. LEXIS 42530 (S.D.N.Y. (2014) (emphasis added).  There was no contemporaneous consideration of the merits of Bailey's motion.

In *Texaco Panama Inc. v. Duke Petroleum Tranport Corp.*, Case No. 1:95-cv-03761, while the docket indicates that the parties did brief the merits, it was because each side wanted the Court to consider the arbitration award – on one side to confirm, and on the other to vacate.  The Court, however, refused to consider the merits because the matter was not ripe.  Instead the Court dismissed, apparently *sua sponte*. *Texaco Panama*, 1996 WL 502437 (S.D.N.Y. 1996).

The Southern District of New York has also given venue objections Rule 12 treatment.  The docket in *First State Insurance Co. v. National Casualty Co.*, Case No. 1:13-cv-00704, indicates that National Casualty filed a motion to dismiss or transfer (Docket No.26), but no response to the petition.  The motion specifically invoked Fed. R. Civ. P. 12(b)(3).  The Court took briefing on that motion over the next six months and then transferred the case.  *First State*, 2013 U.S.Dist. LEXIS 142518 (S.D.N.Y. 2013).

August 14, 2014
Page 3

Ford notes that the Arbitration Panel has set a hearing on Monday, August 18, 2014 on all outstanding issues.  Ford expects that the Panel will rule shortly thereafter.  Given Ford's ripeness concerns and the likelihood that the entire matter will be resolved at the panel level soon, Ford requests the Court not to require Ford to dispute the merits of confirmation (or vacation) while the Panel has the matter under consideration.

**Sealing and Redaction.**

Gerling has provided to Ford proposed redactions of Gerling's petition and exhibits.  Ford has agreed to those with two exceptions.  First, Ford cannot agree to expose Exhibit A to the public because of the risk Ford might thus violate the confidentiality order entered in *Ford v. NICO*, Case No. 3:12-cv-839, in the Eastern District of Virginia.  Second, Ford submits that Exhibit H, Gerling's November 14, 2012 letter amending its arbitration demand, should be under seal.  It is not a "judicial document," because it serves no purpose other than to publish the details of Gerling's rescission claim, which Gerling withdrew before the January, 2014 arbitration hearing.  Exhibit H is therefore not subject to "right of public access" disclosure requirements. *E.g., Citigroup, Inc. v. Abu Dhabi Investment Authority*, 2013 U.S. Dist. LEXIS 167310 (S.D.N.Y. 2013) (sealing documents immaterial to the Court's analysis because "item[s] filed must be relevant to the performance of the judicial function and useful in the judicial process in order for [them] to be designated … judicial document[s]" (quoting *United States v. Amodeo*, 44F.3d 141 (2d Cir. 1995)).  Gerling uses Exhibit H for no purpose other than to show it was filed in the arbitration.   Petition, ¶ 15.  This amendment to assert a claim later withdrawn before the trial is irrelevant here.  It is also confidential and prejudicial, asserting Gerling's allegations that Ford made misrepresentations to Gerling, without Ford's response.  It quotes from material subject to the parties' confidentiality agreement, and should be sealed or fully redacted.  Gerling has represented that it will not oppose Ford's request.

                              Sincerely yours,

                              /s/ H. Carter Redd

                              H. Carter Redd

cc:  Counsel of Record